## IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
**ROBERT C. & DEBORAH A. D'AMORE,**  : **CHAPTER 13**
    Debtors

                                                          : **BANKR. NO. 09-14249**

**ROBERT C. & DEBORAH A. D'AMORE,**
    Plaintiffs

v.

**SOVEREIGN BANCORP, INC., and**
**STONEBRIDGE MORTGAGE CORPORATION,**
    Defendants                                 : **ADVERSARY NO. 09-**

## COMPLAINT

1. This is an action by borrowers seeking certain remedies against the partly believed to be the present holder servicer, and the original lender, in a transaction to refinance a residential mortgage, including a declaration that their rescission of the loan was valid under the door-to-door sales law provisions of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-7, et seq. ("the UTPCPL"); and for violations of the Real Estate Settlement Practices Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"), and against the mortgage broker in the transaction for violations of the Pennsylvania Credit Services Act, 73 Pa.C.S.§ 2183(3),(4), 2184, 2185 and 2186 ("the CSA"), and the Pennsylvania Loan Broker Trade Practice Regulations ("the LBTP"), 37 PA. Code §§305.3(a)(1) through (a)(4) and the Unfair Trade Practices and Consumer Protection Law ("the UTPCPL").

2. Jurisdiction of this court to hear this proceeding is conferred by 28 U.S.C. § 1334(b). This is a core proceeding because it is in part a counterclaim to an anticipated proof of claim filed by the holder of the loan and because it seeks a determination of the validity and extent of the lender's claimed lien against the Debtors' home, pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (b)(2)(K).

3. The Plaintiffs are ROBERT C. D'AMORE ("the Husband") and DEBORAH A. D'AMORE ("the Wife" with the Husband "the Debtors"), married adult individuals who reside at 30 Dunminning Road, Newtown Square, PA 19073 ("the Home").

4. The Defendants in this proceeding are SOVEREIGN BANCORP, INC. ("Sovereign"), a Pennsylvania corporation of which is registered at 1500 Market Street, Philadelphia, PA 19102; and STONEBRIDGE MORTGAGE CORPORATION ("Stonebridge"), a

Pennsylvania corporation of the registered address of which is 640 North Bishop Avenue, Springfield, PA 19064.

5. The Debtors were solicited to enter into this transaction as a means of obtaining additional cash from the equity of the Home by Stonebridge.

6. The transaction as described by Stonebridge, proposed a loan with fixed rate of interest at less than six (6%) percent per annum, as described by Stonebridge in a preliminary Truth-in-Lending Act ("TILA") Disclosure Statement ("DS") which it presented to the Debtors on June 27, 2005, a copy of which is attached hereto as Exhibit "A."

7. However, when the settlement occurred in the Debtors' home, the actual terms provided was a variable rate loan in which the annual percentage rate was approximately, 7% per annum.

8. Among the documents which the Debtors received to memorialize this transaction were a final DS, a Settlement Statement ("SS"), and a Notice of Right to Cancel ("the Notice"), copies of which are attached hereto as Exhibits "B," "C," and "D," respectively.

9. The Husband only was presented with copies of the Notice, since the loan was written in his name only. However, the Wife was and remains a co-owner of the Home, and a security interest against her interests in the Home was imposed as a result of this transaction, she was entitled to a Notice, which she failed to receive.

10. Moreover, it appears that several charges imposed upon the Debtors in connection with this transaction should have been included as part of the Finance Charge disclosed, but were not. Noteworthy are charges which Stonebridge received which included not only a $420 charge paid by the Debtors, buts also a $6875 "premium" paid to it by Sovereign. The effect of this charge was to increase the finance charge to the Debtors, in a manner not explained to them.

11. Also, settlement for this transaction took place in the Debtors' residence, and therefore they aver that this transaction occurred as the result of an in connection with solicitations at the Debtors' residence. As a result, the Debtors were entitled to receive door-to-door sale rescission disclosure pursuant to 73 P.S.§ 201-7 of the UTPCPL. However, the Debtors did not receive any such disclosures.

12. On May 27, 2009, having undertaken to present the Debtors, the undersigned forwarded a letter to Sovereign, indicating that the Debtors were exercising their right to rescind the loan agreement pursuant to the violation of the UTPCPL which triggered a right of rescission, a copy of which is attached hereto as Exhibit "E." Moreover, this letter constituted a qualified written request under the RESPA, requesting certain information relative to the underlying loan.

13. The Debtors have received no responses to this letter.

14. As a result of the foregoing, the Debtors aver that Sovereign wrongfully refusing to acknowledge their rightful rescission of the loan, and therefore must accept the consequences thereof.

## COUNT ONE
### (Sovereign)

15. The allegations of paragraphs 1 through 14 are incorporated herein by reference.

16. The instant transaction, in which the closing took place at the Debtors' residence, was a transaction where services were sold to the Debtors as a result of and in connection with a contact with consumers at their residence in person, and hence is within the scope of 73 P.S.§201-7(a) of the UTPCPL. See In re Smith, 866 F.2d 576, 581 (3d Cir. 1989).

17. However, the Debtors did not receive a statement permitting them to cancel or rescind this transaction which was in conformity with 73 P.S.§201-7(b) in connection with this transaction, or which was completed as required by 73 P.S.§201-7(c), nor were they given the information regarding this right orally, as required in 73 P.S.§201-7(d). In fact, the Wife was not given any Notice of her right to cancel at all.

18. As such, the cancellation period for this transaction under this law never began to run, as the Debtors were never informed of this right to cancel, nor did they receive the requisite cancellation notice. 73 P.S.§201-7(e).

19. Sovereign was obliged, no later than 20 days after the receipt of the letter of May 27, 2009, to honor this notice of cancellation of this transaction by refunding all payments made, advising whether it wished to repossess the funds given, and canceling the mortgage taken as security in this transaction. 73 P.S.§201-7(g).

20. Due to the failure to respond within the 20 day period, Sovereign has forfeited any right to proceeds of the loan. 73 P.S.§201-7(i).

21. Moreover, Sovereign is also liable to the Debtors for up to three times their actual damages arising from the violations of these statutory provisions or at least $100, plus reasonable attorneys' fees under 73 P.S.§201-9.2(a).

WHEREFORE, the Debtors request that the loan holder be ordered to satisfy its security interests in the Home and return all of the Debtors' payments, and they be order barred from making any claim for payment against the Debtors and be deemed liable to the Debtors for damages of not less than $100, plus be directed to pay the undersigned reasonable attorneys' fees and costs pursuant to 73 P.S.§201-7 and 201-9.2(a) of the UTPCPL.

## COUNT TWO
### (Stonebridge)

22. The allegations of paragraphs 1 through 21 are incorporated herein by reference.

23. By failing to provide the requisite disclosures to the Debtors, including but not limited to failing to disclose all of the funds that it was receiving in this transaction, and the effect of same on the loan terms, particularly the payment received by it from Sovereign, and in failing to make disclosures required under the Pennsylvania Credit Services Act, 73 Pa.C.S. § 2183(3), (4), 2184, 2185, and 2186 ("the CSA"), Stonebridge has violated the CSA, rendering it liable for the statutory damages provided in 73 P.S. § 2191; and has violated the Pennsylvania Loan Broker Trade Practices Regulations ("the LBTP"), 37 PA. CODE §§ 305.3(a)(1) through (a)(4).

24. Stonebridge's violations of the CSA and the LBTP are per se violations of the UTPCPL, rendering Stonebridge liable for treble the damages payable under the CSA.

    WHEREFORE, the Debtors request that the Stonebridge be deemed liable to the them for statutory damages in three times the amount of all fees collected by it in connection with the transaction, as well as, reasonable attorneys' fees for the Debtors' counsel, and any costs pursuant to 73 P.S. § 2191 of the CSA and 73 P.S. §201-9.2(2) of the UTPCPL and other applicable laws cited.

DAVID A. SCHOLL
6 St. Albans Avenue
Newtown Square, PA. 19073
(610)-353-7543
Attorney for Debtors